## Case No. 10,043.

NATIONAL FIRE & MARINE INS. CO. v. LESTER.[1]

Circuit Court, D. Connecticut. July 16, 1875.

PRINCIPAL AND AGENT—INSURANCE COMPANIES—GENERAL AGENT—SUBAGENTS—SETTLEMENT OF BALANCES.

[The general agent for New England of an insurance company was to account for all sums due from his subagents, who received from the company powers of attorney to bind it by their acts in the insurance of property. The Boston agent also received a power of attorney for the

[1] [Not previously reported.]

service of process in Massachusetts, and on the removal of the general agent was instructed that he might remit balances then unpaid directly to the home office. He did so, informing the removed general agent, but some items remained unsettled. The company thereafter demanded payment from the Boston agent for such unsettled claims. *Held,* that the liability of the general agent was not removed by the acts of the company.]

This action was tried by the court upon a written stipulation of the parties whereby a trial by jury was waived. The facts in the case which are found to have been proved and to be true are as follows:.

The National Fire and Marine Insurance Company is a corporation which was incorporated by the legislature of the state of Pennsylvania, and was located in the city of Philadelphia, and was authorized and empowered by its charter to insure buildings and other property against loss by fire. Said corporation is now insolvent, and in March, 1875, made an assignment of all its property and assets, for the benefit of its creditors. Prior to July, 1872, the said company verbally made a contract with the defendant George S. Lester of the city of New Haven in the district of Connecticut to be their general agent and manager for the six New England states. No time was specified when said agency was to terminate. Said Lester was to receive, as compensation for his services, office expenses, clerk hire, and travelling expenses of himself and his clerks or adjusters, a commission of twenty-five per cent. upon all premiums upon policies or renewals of policies in said company issued or contracted to be issued by himself or his subagents within said territory. Said contract was verbal, and its terms are ascertained mainly from the subsequent letters and acts of the parties thereto. Said Lester thereafter selected about forty subagents or employees residing in different towns in said states. These agents received also a commission or power of attorney from the plaintiffs in the form hereunto annexed and marked "A." The monies which were collected by said subagents, they remitted to said Lester, and rendered their accounts to him. They also rendered to him daily reports of the business which they did for said company, and he transmitted these reports to the company, after entering the same, or the substance thereof, upon his own books. He allowed these agents fifteen per cent. commission upon the amount of premiums which they remitted to him, and was primarily accountable and liable to the plaintiff for all monies which were received by his subagents or for which they had given credit. As to the monies which became due to the company for premiums on polices, or renewals of policies issued by said Lester or his subagents, said Lester was indebted to said company, which, as to the transmission or payment of said monies, had no privity with any of his subagents. Preparations for commencing

business were made by said Lester, and some business was done for said company prior to July 1, 1872. His agency substantially commenced on that day, when said company issued to him six powers of attorney, one for each of the New England states, which powers were in form and phraseology like Exhibit A. Prior to July 1, 1872, Mr. Lester appointed C. W. Sproat of Boston, Massachusetts, his subagent for the plaintiff's business in that city. Mr. Sproat received from said company a power of attorney like Exhibit A, and also received the power of attorney and appointment, a copy of which is hereto annexed, and marked "B." Mr. Lester was removed from the general agency of said company on December 7, 1872. On the next day an officer of said company went to Boston, and informed Mr. Sproat of said removal, and gave him the letter, a copy of which is hereto annexed, marked "C." Mr. Sproat subsequently paid $12,000 to said company. No monies were received by said Lester from said Sproat, and no accounts were transmitted to said Lester by said Sproat, between Nov. 1, 1872, and Dec. 7, 1872. Said Sproat remitted no money, after Dec. 7, 1872, to said Lester upon account of business which was done for said company after November 1, 1872, but sent to said Lester the daily reports of the business which was done at the Boston agency for said company prior to and until Dec. 7, 1872. Said Sproat is still indebted in about $12,000 for premiums received or credited prior to Dec. 7, 1872. Said Lester received from said Sproat a letter dated Dec. 13, 1872, in which, among other things not pertaining to this case, he says: "I have orders to remit (from Mr. Kauffmann) all premiums due the National direct to their home office. Hoping the arrangement will be satisfactory to you, I remain," &c. On April 4, 1873, the plaintiffs wrote to said Sproat the letter, a copy of which is hereto annexed, marked "D." The plaintiffs also demanded, on April 29, 1873, of said Lester the balance which was unpaid by Sproat.

The bill of particulars and the account of the plaintiffs relate to three classes of items.

1. The first class relates to and includes premiums upon policies issued or contracted for at the agencies in the New England states, other than at Boston, during the defendant's agency.

2. The second class includes and relates to premiums upon policies issued or contracted for at the Boston agency prior to Nov. 1, 1872.

It was admitted by the defendant that if, upon examination of either of these two classes of items, it shall appear that there is any error, omission or mistake in the defendant's account as rendered to the plaintiffs, by reason of which the company have not received the full amount due them, the plaintiffs are entitled to judgment for such deficiency.

3. The third class of items relates to and includes premiums upon policies issued or contracted for at the Boston agency after October 30, 1872. The defendant claimed that he was not liable for any monies which may be due to him or to the company under the third class. The general questions of law and of fact pertaining to the third class were the only questions which were submitted to the court and it was agreed that the questions of fact which might arise under the general principles which should be decided by the court to be applicable to the case, should_ be heard by a committee or referee to be appointed by the court under the practice of the state courts of Connecticut.

Under the third class of items two questions arise: 1st. Was said Lester ever liable for the payment of those premiums upon policies issued or contracted for by Mr. Sproat, after Oct. 30, which had not been paid to said company? 2nd. If said Lester was ever thus liable, has he been relieved from such liability by the acts of the plaintiffs?

SHIPMAN, District Judge. It has already been found as a matter of fact that Mr. Lester had agreed to be directly and primarily liable to the plaintiffs for all the premiums upon policies issued or contracted for by each one of the agents whom he employed in the New England States. He was appointed the general agent and manager of the plaintiffs' business throughout the territory of New England, receiving a commission of twenty-five per cent. upon all the business which might be done. He was to introduce the company to the people of New England, and to obtain for it position and business. For this purpose he was to select his employees, or subagents, who resided in different towns, and who, from their skill and experience as insurance solicitors or agents, would be likely to make the enterprise remunerative to himself and to his principals. While, as between the public and the company, these persons were the agents of the company, provided with powers of attorney which indicated that the company was bound by their acts in regard to insurance upon property, yet so far as their compensation and the disposition of the premiums which they received, and their accounts were concerned, they were the employees of Mr. Lester. He undertook, not as guarantor or surety, but primarily, to pay the company the premiums which might be payable from all of his subagents, and the company engaged to pay to him twenty-five per cent. of these premiums, as his compensation for the expensive and onerous business which he conducted. These premiums, after deducting the commission, were his own debt to the company. This contract in regard to his liability was a contract entered into in terms between the parties, and its existence is not now, and never has been, seriously denied by Mr. Lester. He has relied, alike

before and since the commencement of this litigation, upon the belief that the plaintiff had relieved him from the liability which he assumed when he entered upon the agency.

I cannot perceive from the evidence that this legal liability for the payment of premiums has ever been changed. It is true that the plaintiffs improperly informed Mr. Sproat that he was at liberty to pay his receipts to them; it is also true that Mr. Sproat should have declined to accede to this suggestion, and should have remitted to Mr. Lester. But the legal relations between the contracting parties were not necessarily altered by this intermeddling on the part of the company with Mr. Lester's appropriate business. If he had been injuriously affected by this interference, or if he had been placed thereby pecuniarily in a worse position than he would otherwise have occupied, or if the difficulty of enforcing collections from Mr. Sproat had increased by reason of the acts of the company, then there might have been good ground for the claim that he was no longer liable to pay money, which their conduct had prevented him from receiving. No attempt was made on the trial by the defendant to show that any less money had been paid by Mr. Sproat than would have been paid had the remittances been made directly to Mr. Lester, or that his vigilance and activity in compelling Mr. Sproat to make payment had been relaxed by the acts of the plaintiffs. Mr. Lester was the general agent of the insurance company from July 1, 1872, until December 7, 1872, and was immediately and directly liable to them for the premiums upon the policies of the company which his subagents had agreed to issue prior to the termination of his agency. The company simply informed one of his subagents that he might remit to them the monies which should be collected upon business which had been done by him prior to December 7, 1872. This direction did not change the legal relations between the parties, and was productive of no harm to Mr. Lester, who remains still liable to the plaintiffs for all moneys due from him which they have not received. Let the account be taken upon the principles which have here been indicated.

A.

"Office of the National Fire and Marine Insurance Company, No. 904 Walnut Street, Philadelphia, Pa., ———, 18—. Be it known that ——— of ——— in the county of ——— and state of ———, is appointed, and, by these presents, duly constituted agent of the National Fire and Marine Insurance Company, of the city of Philadelphia, with full power to receive proposals for insurance against loss or damage by fire, in ——— and vicinity, to fix rates of premiums, to receive moneys, and to countersign, issue and renew policies of insurance signed by the president and attested by the secretary of the said National Fire and Marine Insurance Company,

subject to the rules and regulations of the said company, and to such instructions as may, from time to time, be given by its officers. In witness whereof, the said National Fire and Marine Insurance Company have affixed their seal to these presents and have cause the same to be signed by their president and attested by their secretary, in the city of Philadelphia, this —— day of ——, 18—. Simon J. Stine, President. W. D. Halfmann, Secretary."

### B.

"Know all men by these presents, that the National Fire and Marine Insurance Company, of the city of Philadelphia in the state of Pennsylvania, desiring to transact business in the commonwealth of Massachusetts in conformity with the laws hereof, hereby constitutes and appoints Charles W. Sproat, Esq., of Boston, in the county of Suffolk and commonwealth aforesaid (who is a citizen of said commonwealth and resident therein), to be its general agent, and the true and lawful attorney of said company, in and for the commonwealth of Massachusetts, upon whom all lawful processes in any action of proceeding against said company in said commonwealth may be served in like manner and with the same effect as if said company existed therein. And the said company hereby stipulates and agrees, that any lawful process against said company which is served on its said general agent and attorney, shall be of the same legal force and validity as if served on said company. This appointment, and the authority of said general agent and attorney, shall continue in force, and shall not be revoked, so long as any liability remains outstanding against said company in said commonwealth, or until another general agent and attorney is duly substituted and appointed. In witness whereof, the aforesaid company, pursuant to a resolution of its board of directors, duly passed on the first day of July, A. D. 1872 (a certified copy whereof is hereto annexed), hath caused these presents to be subscribed by its president, and countersigned by its secretary, and the corporate seal of said company to be hereunto affixed, this first day of July in the year one thousand eight hundred and seventy two. Signed. Simon J. Stine, President. W. D. Halfmann, Secretary. (Fifty cent revenue stamp.)"

"State of Pennsylvania, County of Philadelphia, ss.—On this twenty-sixth day of July, A. D. 1872, before me, the subscriber, a commissioner for the commonwealth of Massachusetts, duly appointed and qualified, personally appeared the before-named Simon J. Stine, president, and W. D. Halfmann, secretary, of the National Fire and Marine Insurance Company (who are personally known to me), and severally acknowledged the execution of the foregoing instrument by them subscribed; and they severally made oath that they are respectively the afore-described officers of said insurance company; that the seal affixed to said instrument is its true and proper corporate seal; and that they subscribed said instrument, and said corporate seal was affixed. by virtue of authority duly conferred by said corporation. Witness my hand and official seal, at Philadelphia in the state and county aforesaid, the day and year above written. (Five cent revenue stamp.) Sam B. Huey, a Commissioner for Massachusetts in Pennsylvania. (Commissioner's stamp.)"

"(Copy.)

"At a meeting of the board of directors of the National Fire and Marine Insurance Company, duly held on the first day of July, A. D. 1872, a quorum being present, the following resolution was adopted: 'Resolved, that this company hereby appoints Chas. W. Sproat, Esq., of Boston, in the county of Suffolk and commonwealth of Massachusetts, to be its general agent, and true and lawful attorney, in and for said commonwealth, upon whom all lawful processes in any action or proceeding against this company in said commonwealth may be served in like manner and with the same effect as if this company existed therein. And this company hereby stipulates and agrees, that any lawful process against it, which is served on its said general agent and attorney, shall be of the same legal force and validity as if served on this company. This appointment, and the authority of said agent and attorney, shall continue in force, and shall not be revoked so long as any liability remains outstanding against this company in said commonwealth, or until another general agent and attorney is duly constituted and appointed; and the president and secretary are hereby authorized to execute, in the name of the company, and under its corporate seal, a certificate of authority or power of attorney to the said Chas. W. Sproat in conformity with this resolution and the laws of said commonwealth.'

"I hereby certify that the above is a true copy of the resolution of the directors of this company, authorizing the appointment of a general agent and attorney for the commonwealth of Massachusetts, as recorded by me. (Signed) W. D. Halfmann, Secretary. (Five cent revenue stamp.)"

### C.

"Boston, Dec. 10. 1872. C. W. Sproat, Esq., In. Ag't. Boston, Mass.—Dear Sir: Mess. Alliger Bros. No. 10 Pine St., New York, have been appointed agents for the New England States for the National Fire and Marine Insurance Company of Philadelphia, in place of Mr. George S. Lester of New Haven, Conn. You will please make up your account to Mr. Lester at your earliest convenience. Remittances can be made

direct to the secretary, W. D. Halfmann, Esq., at Philadelphia, in sums of $500, as fast as collected, when duplicate receipts will be sent you in settlement of your account with Mr. Lester. Yours, &c. L. Kauffmann, Sup't of Agts. National Fire and Marine In. Co. of Phila."

D.

"National Fire and Marine Insurance Co. of Philadelphia. Office No. 400 Walnut Street, Philada. April 4th, 1873. C. W. Sproat, Esq.—Dear Sir: We enclose you copy of the proceedings of our board relative to the outstanding New England claims. The balance in your hands is still very large, and we trust you will make a determined effort to settle the account very soon. More than 5 months have elapsed since these insurances were made and more than ample time has been given you in which to make collections. We feel we have been very lenient towards you and trust you will show appreciation of the treatment we have shown you by making a vigorous effort to pay us what is owing. Yours very respectfully, W. D. Halfmann, Sec."